Del Toro, Demandante y Apelado, *v.* The Juncos Central Company, Demandada y Apelante.

Apelación procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre desahucio.

No. 2349.—Resuelto en enero 18, 1921.

Desahucio—Indemnización de Daños y Perjuicios.—El hecho de que el contrato de arrendamiento de que se trata expresara que "la falta de cumplimiento de uno de los contratantes a cualquiera de las condiciones estipuladas dará derecho al otro a la indemnización de los daños y perjuicios que se le irroguen," no excluye el derecho del arrendador a establecer la acción de desahucio cuando proceda. Ambos recursos, el de desahucio y el de daños y perjuicios, pueden a la vez subsistir.

Id.—Fecha del Pago de Cánones—Cánones Aceptados Fuera de Tiempo.—Un contrato de arrendamiento no queda modificado para el futuro en lo que respecta a la fecha del pago fijada en el mismo, por el hecho de que el arrendador acepte el pago correspondiente a alguno de los plazos después de vencido el término, sobre todo cuando el arrendador protesta de tal irregularidad.

Id.—Id.—Renuncia del Derecho al Desahucio.—Cuando el arrendador acepta

el pago del canon de arrendamiento correspondiente a un plazo, después de de vencido el término fijado en el contrato, aunque haga tal aceptación bajo protesta, renuncia su derecho a desahuciar al arrendatario por falta de pago del canon correspondiente a dicho plazo.

ID.—RENUNCIA DE DERECHOS.—Aún cuando se prescriba en el contrato que el arrendatario remitirá al arrendador el precio del canon en sobre certificado, si el arrendatario envía dicho precio en carta sin certificar y el arrendador lo acepta y percibe, renuncia con ello a cualquier derecho que pudiera tener por aquella violación del contrato.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. C. Coll Cuchí.*

Abogado del apelado: *Sr. J. Martínez Dávila.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Se trata de un pleito de desahucio. La demanda fué declarada con lugar y la parte demandada interpuso el presente recurso de apelación.

De las alegaciones y de las pruebas resulta que el demandante Fernando del Toro es dueño de tres fincas rústicas que arrendó a la demandada The Juncos Central Company, por término de diez años y canon anual de seis mil dólares, pagadero por semestres vencidos, debiendo enviarse su importe directamente al domicilio del arrendador, Madrid, España, en carta certificada, por uno de los vapores correos que salieran del puerto de San Juan, P. R., para Europa, dentro de los quince días siguientes a cada vencimiento. El contrato comenzó el 1 de marzo de 1911.

El canon correspondiente al 1 de marzo de 1920 no fué remitido por la demandada al demandante hasta el 26 de abril siguiente, esto es, después de vencido el término fijado en el contrato. El demandante recibió dicho canon en su domicilio en sobre no certificado, lo cobró haciendo constar que se reservaba los derechos que tenía contra la demandada a virtud del contrato y luego entabló la demanda origen de este pleito solicitando que la demandada fuera desalojada de las fincas de que se trata por falta de pago del arrendamiento en la forma y tiempo convenidos.

Se sostuvo por la demandada que a virtud de las actuaciones de las partes, el contrato había sido modificado en lo que respecta al tiempo en que debía verificarse el pago y se demostró que en varias ocasiones el pago se había hecho por la demandada y aceptado por el demandante mucho después de vencido el plazo fijado en el contrato así: el de la primera quincena de marzo de 1912, el 19 de dicho mes; el de la primera quincena de marzo de 1913, en mayo 20; el de la primera quincena de marzo de 1917, en abril 7. Otros casos más de dilación se demostraron, pero consta de los autos que el demandante siempre protestó de ello.

Se sostuvo también por la parte demandada que conteniendo como contiene el contrato de arrendamiento una cláusula que dice que "la falta de cumplimiento de uno de los contratantes a cualquiera de las condiciones estipuladas, dará derecho al otro a la indemnización de los daños y perjuicios que se le irroguen," tal cláusula constituía suficiente garantía para los derechos del demandante. Y en relación con esto se probó que en cierta ocasión en que el demandante no recibió a tiempo el precio del arriendo, no inició una acción de desahucio sino un pleito en cobro de pesos.

1. Comenzando nuestro estudio por esta última cuestión, diremos que no tiene razón la apelante porque ambos recursos, el de desahucio y el de daños y perjuicios, pueden a la vez, subsistir. Así lo resolvió el Tribunal Supremo de España en sentencia de 27 de marzo de 1900 que aunque no es obligatoria para este Tribunal Supremo de Puerto Rico, es convincente por la fuerza y verdad de sus razonamientos—

"Considerando," dice el tribunal, que "aceptado como hecho indiscutible el de haber don Santiago Aranda García infringido la condición estipulada en el contrato, relativa al modo de laborear las tierras que de la propiedad de don Francisco de Paula Espinosa tiene en arrendamiento, la sentencia que declara haber lugar al desahucio aplica bien y debidamente el número tercero del artículo 1569 del Código Civil, citado en el primer motivo del recurso, por

cuanto a la facultad que concede la ley al arrendador para desahuciar en el caso referido, no obsta en modo alguno lo convenido en la cláusula 11 *a* del contrato de arrendamiento, convenio, que debiendo cumplirse según el sentido literal de su expresión, por ser claros los términos, en conformidad a los artículos 1091 y 1281 del mismo código,—los cuales, así como el 1278, rectamente entendió la sala,—de modo manifiesto, concede además al dueño una facultad que no excluye la acción de desahucio, antes bien podría hasta servirle de complemento;" 89 Jurisprudencia Civil, 417.

2. En cuanto a la modificación de la cláusula del contrato relativa a la fecha del pago, diremos que si bien a los efectos de penetrar en la justicia de este caso, la repetida dilación en los pagos y la actitud del demandante tienen su importancia, sin embargo, tal importancia no es decisiva porque aún cuando el demandante aceptaba, es lo cierto que siempre protestaba, dejando con ello solucionado cada caso actual pero en toda su fuerza y vigor para el futuro el contrato.

3. Ahora bien, de las alegaciones y de las pruebas surge un hecho que nos lleva necesariamente a la revocación de la sentencia apelada, a saber: que el demandante aceptó y recibió el importe del arrendamiento del semestre de que se trata antes de iniciar la acción de desahucio, y así, cuando estableció su demanda ya el pago estaba hecho en realidad de verdad.

Manresa, en el tomo sexto, página 14, de sus Comentarios a la Ley de Enjuiciamiento Civil, condensa la Jurisprudencia del Tribunal Supremo de España sobre la materia, así:

"El Tribunal Supremo tiene declarado en sentencia de 30 de junio de 1883, que 'si bien las leyes autorizan al desahucio de los arrendatarios por la falta del pago del precio convenido en los plazos estipulados, en ninguna de ellas se previene, ni se pactó en el contrato de arrendamiento de que se trata, que sea ineficaz el pago para dicho efecto, si no se realiza en el mismo día del vencimiento, antes bien, es conforme a justicia y a la letra y espíritu de dichas leyes, que no procede el desahucio por la falta de pago después de

hecho éste espontáneamente por el arrendatario y de recibido el precio por el arrendador, pues de otro modo se fundaría la demanda en una causa falsa.' Según esta sana doctrina, aunque haya vencido el plazo, no puede prosperar la demanda de desahucio, si se interpone después de verificado el pago o de haber consignado judicialmente el precio del arrendatario, como sucedió en los casos a que se refieren dicha sentencia y la de 20 de febrero de 1890. Y por otra de 25 de junio de 1891, se estimó procedente el desahucio, por haberse consignado el precio después de presentada la demanda.''

Y ese mismo criterio guió, en sus decisiones, a las cortes de Inglaterra y de los Estados Unidos.

Walter Shirley Shirley, en su obra titulada ''A Selection of Leading Cases in the Common Law,'' página 104, dice:

''Las cortes se inclinan en contra de la rescisión de los arrendamientos, y, por lo tanto, echan mano ansiosamente de cualquier acto positivo del arredador del cual pueda inferirse que eligió pasar por alto la violación de lo convenido y continuar el arrendamiento. El más satisfactorio de los actos que envuelven una renuncia a la rescisión es, 'la aceptación de cánones devengados después de la causa rescisoria,' y si tales cánones son aceptados, no importa que el arrendador los recibiera bajo protesta y manifestara que no intentaba renunciar a la rescisión.''

Y resumiendo Cyc. la jurisprudencia de las cortes americanas, expresa lo que sigue:

''La aceptación por un arrendador de cánones devengados después de la violación de una de las condiciones contenidas en el contrato de arrendamiento, constituye una renuncia del derecho a demandar en rescisión del arrendamiento y a reocupar la propiedad por razón de tal violación, siempre que la aceptación se haga con conocimiento pleno por parte del arrendador del hecho de la violación y de todas las circunstancias del mismo.'' 24 Cyc. 1361-2.

4. Se insistió por el abogado del demandante en el acto de la vista del recurso en que en este caso concreto el contrato escrito celebrado era tan terminante, que la falta de cumplimiento de cualquiera de sus estipulaciones sostenía su alegado derecho a la rescisión y al desahucio, y que aquí

estaba admitida la violación de dos estipulaciones a saber: la relativa al envío del giro en sobre certificado y la que hacía referencia al pago puntual del precio del arriendo en el plazo convenido, motivo por el cual debía sin más discusión confirmarse la sentencia recurrida.

En el contrato existen en efecto las siguientes cláusulas:

"El arrendatario no podrá dejar de satisfacer con puntualidad la cuota del arriendo, ni por accidente de fuerza mayor ni por casos fortuitos, extraordinarios o imprevistos.

  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

"La falta de pago puntual en las cuotas de arriendo en la forma convenida, será causa bastante para el desahucio de las fincas arrendadas sin derecho The Juncos Central Company a reclamación ni prórroga alguna por las plantaciones que existan."

La primera de dichas cláusulas nada tiene que ver con las violaciones en este caso alegadas y admitidas. Guarda relación con los artículos 1478 y siguientes del Código Civil Revisado que contienen ciertas disposiciones especiales para los arrendamientos de predios rústicos.

La segunda sólo tendría importancia en el caso de que se decretara el desahucio a los efectos de regular la cuestión de los frutos pendientes, pero en cuanto a que proceda el desahucio por la falta de pago del canon de arrendamiento en el plazo convenido, no hace el contrato ni más fuerte ni más débil. Sin que nada hubieran especificado las partes sobre el particular, la falta de pago del precio convenido de acuerdo con la ley (artículo 1472 del Código Civil Revisado, No. 2 do.), hubiera sido motivo suficiente para desalojar al arrendatario. Siendo esto así, es aplicable a este caso concreto la regla general que dejamos expuesta en cuanto al criterio que debe seguirse cuando el arrendador acepta el precio del arriendo antes de iniciar su acción. ·

Falta sólo considerar la cuestión del certificado. En efecto en el contrato se dispone que los giros deben remitirse en

cartas certificadas y aquí el giro correspondiente al semestre dè que se trata se envió en carta sin certificar, pero es lo cierto que el giro fué recibido y cobrado sin dificultad. El propósito del certificado es sin duda el de garantizar el contenido. Y el contenido llegó seguro no obstante no ir certificado, quedando así cumplido en realidad el propósito. De todos modos aún cuando se aceptara que dicha violación era tan trascendental que hubiera podido servir de base para el desahucio, al recibirse y apropiarse el contenido de la carta, quedó renunciado el derecho del arrendador en tal sentido.

A virtud de todo lo expuesto debe revocarse la sentencia apelada y dictarse otra declarando sin lugar la demanda, sin especial condenación de costas.

> *Revocada la sentencia y desestimada la demanda sin especial condenación de costas.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.