Francisco Javier Morales, demandante y apelante, v. Manuel Abelardo Martínez y su esposa Mercedes del Valle Goenaga, demandados y apelados.

No. 5220.—Sometido: Febrero 10, 1930. Resuelto: Marzo 21, 1930.

*E. H. F. Dottin,* abogado del apelante; *E. Martínez Rivera,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

En octubre 4, 1929, Francisco Javier Morales instó acción de desahucio por falta de pago. El 1°. de noviembre los demandados consignaron la suma de doscientos dólares en pago del canon correspondiente al mes de octubre. El 1°. de diciembre los demandados consignaron en igual forma doscientos dólares para el mes de noviembre. En diciembre 19, la corte de distrito dictó sentencia a favor del demandante. El 23 del mismo mes los demandados radicaron una moción de reconsideración y un escrito de apelación. El día 7 de enero de 1930 los demandados consignaron doscientos dólares más en pago del canon de diciembre. El mismo día la corte dejó sin efecto la sentencia dictada a favor del demandante, y declaró sin lugar la demanda.

Los demandados solicitan ahora la desestimación de la apelación interpuesta por el demandante contra la sentencia declarando sin lugar la demanda. El primer fundamento de la moción suscita las cuestiones de renuncia, de elección de remedio, y de impedimento (*estoppel*).

El 16 de enero, el demandante solicitó y obtuvo la entrega de los seiscientos dólares consignados por los deman-

dados. La moción, dice: Que con fecha 19 de diciembre de 1929 la corte dictó sentencia a favor del demandante; que los demandados apelaron y consignaron en secretaría a favor del demandante la suma de seiscientos dólares, importe de los cánones de octubre, noviembre y diciembre; que en enero 7 la corte dejó sin efecto su sentencia y declaró sin lugar la demanda; y que el 9 de enero el demandante apeló. La súplica de la moción solicitando la entrega del dinero empieza con la indicación de que no debe entenderse que el demandante renuncia a ninguno de sus derechos en relación con la referida apelación.

La sección 11 de la Ley de Desahucio dispone que las apelaciones deberán interponerse en el término de cinco días contados desde la fecha de la sentencia. La sección 12 lee en parte así:

"No se admitirá al demandado el recurso de apelación si no consigna en secretaría el importe del precio adeudado hasta la fecha de la sentencia, cuando el desahucio se funde en falta de pago de las cantidades convenidas.

    \*     \*     \*     \*     \*     \*     \*

"Tanto la consignación como la fianza de que habla la presente sección deberán quedar formalizadas dentro del término concedido para la apelación."

Si la tercera consignación se hubiese efectuado dentro del término permitido para perfeccionar la apelación, sería tal vez una inferencia lógica suponer que los demandados tenían la intención de que ese depósito, juntamente con los otros dos que ya se habían efectuado, surtiera el efecto de la consignación requerida por la sección 12, *supra*. Sin embargo, ése no es el caso. La tercera consignación no fué hecha dentro del término estatutorio de cinco días, sino unas dos semanas después de haberse radicado el escrito de apelación. Se hizo el mismo día que el juez de distrito dejó sin efecto la sentencia dictada a favor del demandante. Si se hizo antes o después de haberse dejado sin efecto esa sentencia, no aparece de los autos. La moción o el escrito acompañando la consig-

nación no está ante nosotros. Fuera de la insinuación que está implícita en la súplica de la parte demandante de que se le entreguen los seiscientos dólares, nada hay que demuestre que la tercera consignación no fué hecha en igual forma que las dos que le precedieron, como canon vencido por concepto de un contrato de arrendamiento existente. La orden a virtud de la cual el demandante obtuvo posesión del dinero decretó la entrega de "los seiscientos dólares ($600) que los demandados han depositado en esta corte a favor de aquél en concepto del pago de los cánones de la finca en litigio que debieron ser satisfechos en los días 31 de octubre, 30 de noviembre y 31 de diciembre de 1929."

Nuestra Ley de Desahucio no exige que el demandado efectúe una consignación en dinero para ningún fin durante el curso del procedimiento o con anterioridad al momento en que se registre sentencia, ni con posterioridad a ella, salvo cuando el demandado interpone apelación contra una sentencia adversa, y en conexión con la tramitación posterior de ese recurso.

Sin embargo, los artículos 1140 y 1144 del Código Civil leen en parte así:

"Artículo 1140. El que tuviere varias deudas de una misma especie en favor de un solo acreedor, podrá declarar al tiempo de hacer el pago, a cuál de ellas debe aplicarse. . .

"Artículo 1144. Si el acreedor a quien se hiciere el ofrecimiento de pago se negare sin razón a admitirlo, el deudor quedará libre de responsabilidad mediante la consignación de la cosa debida."

El demandante alegó falta de pago de los cánones de arrendamiento que vencieron en agosto 31 y septiembre 30. Los demandados negaron esta alegación. Al dictar sentencia a favor del demandante la corte halló que los cánones correspondientes a los meses de agosto y septiembre habían sido satisfechos en octubre 5, después de haberse incurrido en mora en lo que al canon de agosto se refería. Esta sentencia fué dejada sin efecto por el fundamento de que el demandante había aceptado el canon de septiembre, después de haberse

dejado de pagar el canon correspondiente a agosto. El escrito que se acompañó a la consignación del canon de octubre especifica que el demandante se había negado a recibir dicha cantidad al serle ofrecida en octubre 31. El escrito que acompañó la consignación de noviembre contiene una alegación similar respecto a la oferta y la negativa de noviembre 30.

En 6 R.C.L. página 1132, sección 653, se dice que:

"El caso más corriente de renuncia a la falta de pago del canon de arrendamiento surge de la aceptación del canon por el arrendador después de haberse incurrido en mora, y es regla universal que si el arrendador acepta el canon de su inquilino después de tener pleno aviso o conocimiento de la violación de la cláusula o condición del contrato a virtud de la cual podía exigirse la rescisión, esto constituye una renuncia del derecho al desahucio, que no puede recabarse posteriormente con motivo de tal violación o por alguna otra violación anterior a la aceptación del canon. En otras palabras, la aceptación por parte de un arrendador de los cánones de arrendamiento, sabiendo plenamente que ha habido una violación de las condiciones del contrato, y con conocimiento de todas las circunstancias, es una afirmación por él de que el contrato está aún en vigor, y está por ello impedido de alegar la violación de cualquiera de las cláusulas del contrato y de exigir la rescisión del mismo."

Cuando el demandante, en octubre 31 y en noviembre 30 se negó a aceptar los cánones correspondientes a octubre y noviembre, debió haber entendido que la aceptación de los mismos perjudicaría su derecho a desahuciar a los demandados. Cuando, después de esta negativa, los demandados consignaron las cantidades correspondientes a estos dos cánones de acuerdo con los artículos 1144 *et seq* del Código Civil, claramente indicaron su intención de que, si el demandante aceptaba el dinero así depositado, lo recibía en pago de los cánones adeudados, y no como compensación por el uso y ocupación de la finca. Cuando el demandante aceptó el dinero así consignado, lo recibió como arrendamiento. El no podía evadir el efecto de tal aceptación alegando que no debía entenderse que renunciaba al derecho de apelar. Las conse-

cuencias legales que emanan de su aceptación de los cánones como tales son determinadas por lo que él hizo, y no por lo que dijo. *Shirley's Leading Cases,* 104; *Kenny* v. *Sen Si Lun,* 112 N. W. 220, y casos allí citados; *Hartell* v. *Blackler,* 10 *British Ruling Cases* 478, y casos citados.

No hemos pasado por alto el hecho de que en el presente caso los cánones fueron recibidos después de instarse el procedimiento de desahucio. El apelante no ha levantado cuestión alguna sobre este aspecto del caso, y no trataremos, sin la ayuda de los letrados, de desarrollar por ahora esta cuestión. Puede trazarse una línea de decisiones en 18 *American and English Encyclopedia of Law,* segunda edición, 387, párrafo (*c*), en 35 C. J. página 1083, párrafo 258, y en la nota que aparece al pie del caso de *Hartell* v. *Blackler, supra,* subtítulo "Waiver of Cause of Forfeiture," subdivisión (*c*), 495. Por otra parte, véanse *Dendy* v. *Nicholl,* 140 English Rep. (Reprint) 1130; *Gomber* v. *Hackett,* 70 Am. Dec. 467; *Guptill* v. *Macon Stone Supply Co.,* 79 S. E. 854; *Jones* v. *Della María,* 48 Cal. App. 172; *Rich* v. *Rose,* 99 S. W. 953; y 16 R.C.L. página 1132, sección 653, en que se nos dice que "generalmente se ha resuelto que aunque el arrendador haya entablado procedimientos para rescindir el contrato y recobrar la posesión de la finca, si acepta los cánones posteriores al quebrantamiento, ello equivale a una renuncia del derecho a la rescisión."

■ La doctrina de elección de remedios es una forma de aplicar la ley de *estoppel.* 20 C. J. página 4, párrafo 2, nota 10, y casos allí citados. En el caso de *Kallberg* v. *Newberry,* 170 N. W. Rep. 113, 117, la Corte Suprema de North Dakota dijo:

"En lo que a la doctrina de elección misma se refiere, estamos convencidos de que no se pueden establecer reglas estrictas y terminantes sin incurrir en peligro de estar obligados a aplicarlas en forma tal que resulten injustas en determinados casos. La verdadera base para una elección obligatoria es el impedimento (*estoppel*) y si se resuelve que la elección es obligatoria o que no lo es, dependiendo de

si están o no presentes los elementos del impedimento, no puede resultar injusticia alguna."

Cuando en otra acción el arrendador insiste en la continuada vigencia del arrendamiento y la parte contraria interpone como *estoppel* la institución anterior por parte del arrendador de una acción de desahucio, parece apropiado decir que la elección así hecha por el arrendador es final. Sin embargo, cuando el arrendatario, demandado en una acción de desahucio, alega como un impedimento la aceptación de los cánones, entonces es cuestión debatible si debe permitírsele alegar al arrendador, en respuesta y en oposición al impedimento así alegado, que su propia elección anterior es irrevocable.

Puede haber alguna razón satisfactoria por la cual la institución de un procedimiento de desahucio es más obligatoria para el arrendador como un acto inequívoco que indica su intención de terminar el arrendamiento, que un aviso formal de que se desaloje la finca, al ser dado en un caso adecuado. De lo contrario, el claro razonamiento de la Corte Divisional Inglesa en *Hartell* v. *Blackler, supra,* puede ser considerado como aplicable a los hechos del presente caso.

Véanse además los casos de *Doe* v. *Batten,* 98 English Reports (Reprint) 1066; *Goodright* v. *Cordwent,* 101 English Reports (Reprint) 520; *Dorrell* v. *Johnson,* 34 Mass. Rep. 263; y *Collings* v. *Canty,* 60 Mass. Rep. 415.

Que sepamos la cuestión que ahora tenemos bajo nuestra consideración no ha sido discutida por los comentaristas del Código Civil Español, y no hallamos decisión alguna de la Corte Suprema de España que vaya directamente al grano.

En *Enríquez* v. *Watson & Co.,* 1 Jurisprudencia Filipina 45, se resolvió, según se dice en el sumario, que:

"Cuando los administradores sucesivos permiten que una sentencia de desahucio en contra de sus inquilinos quede sin ejecución durante un plazo largo, reconociendo como tales a dichos inquilinos, la sentencia pierde su fuerza ejecutoria y no puede ser ejecutada."

*Debe desestimarse la apelación.*