MIGUEL A. VIDAL, demandante y apelado, *v.* TERESA MASON VDA. DE ENRICH, demandada y apelante.

Núm. 9662.—*Sometido:* Febrero 5, 1948. *Resuelto:* Abril 13, 1948.

R. *Rodríguez Lebrón*, abogado del apelante; *Diego O. Marrero*, abogado del apelado.

Eᴌ Jᴜᴇᴢ ASOCIADO Señor Sɴʏᴅᴇʀ emitió la opinión del tribunal.

El presente caso es exactamente igual al de *Vélez* v. *San Miguel*, ante, pág. 575, con la excepción de un hecho adicional que no cambia el resultado del caso. Aquí el demandante compró el 15 de agosto de 1946 una casa ocupada por la demandada como inquilina de mes a mes del anterior dueño, por un alquiler de $35 mensuales. El 17 de septiembre de 1946 el demandante obtuvo de la OAP un certificado de evicción autorizándolo a lanzar a la demandada en o después del 4 de diciembre de 1946. El demandante aceptó de la demandada la suma de $35 mensuales para los meses de septiembre, octubre, noviembre y diciembre, y le expidió los correspondientes recibos diciendo que estas cantidades representaban los "cánones de alquiler". Toda vez que la demandada no había desocupado la casa a tenor con el requerimiento héchole por el demandante el 17 de enero de 1947, éste radicó ante la corte de distrito el 7 de abril de 1947 demanda de desahucio por detentación. La demandada apela contra sentencia a favor del demandante.

Igual que en el caso de *Vélez,* la única cuestión aquí envuelta es si la corte de distrito cometió error al resolver que el caso fué radicado debidamente ante ella. Con-

firmamos la sentencia del caso de *Vélez* por. el fundamento de que todos los actos del demandante demostraron que éste no estaba celebrando contrato de arrendamiento alguno con el demandado. Es verdad que en el caso de *Vélez* el demandante no aceptó dinero alguno del demandado después de entrar en vigor el certificado de la OAP, mientras que aquí el demandante aceptó dinero para el mes de diciembre en una fecha posterior a la permitida por el certificado para poder desahuciar. Pero esa única diferencia en los hechos no hace inaplicable el caso de *Vélez*. Nuestra decisión en este último no estuvo predicada en la·negativa del demandante a aceptar compensación después de entrar en vigor el certificado de la OAP. Más bien el *ratio decidendi* de dicho caso fué que la aceptación de compensación por el uso de la propiedad mientras el demandado estaba en posesión de la casa, por sí sola no creó un contrato de arrendamiento entre las partes, cuando el demandante demostró mediante todos sus otros actos que no estaba celebrando un contrato con el demandado. Llegamos a esta conclusión aun cuando el recibo decía que se pagaba el dinero por "alquiler". Del mismo modo, el demandante en este caso no celebró un contrato de arrendamiento con la demandada. Por los motivos expuestos en la opinión del caso de *Vélez,* la aceptación de dinero como compensación por el uso de la propiedad— ya fuere éste aceptado antes o después de la vigencia del certificado de la OAP—bajo todas las circunstancias de este caso no dió lugar a que surgiera un contrato entre las partes.

*La sentencia de la corte de distrito será confirmada.*

Los Jueces Asociados Sres. Todd, Jr., y Marrero, disintieron.·