CARLOS IGARTÚA ECHEVARRÍA, LUIS PRETEL DUPREY y CATA-
LINA ECHEVARRÍA DUPREY, demandantes y apelantes, *v.*
ANTONIO RUIZ YANIS, demandado y apelado.

Núm. 10630.—*Sometido:* Abril 1, 1952. *Resuelto:* Abril 23, 1952.

*Juan B. Soto* y *Juan F. Soto,* abogados de los apelantes; *Héctor
Reichard,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tri-
bunal.

Solicita el demandado que desestimemos la apelación in-
terpuesta por los demandantes en 23 de julio de 1951 contra

la sentencia dictada cinco días antes por el tribunal inferior, declarando sin lugar la demanda de desahucio por ellos interpuesta. Fúndase en que por escritura pública otorgada en 16 de septiembre de 1943 la anterior dueña[1] de ciertas fincas que en la demanda se describen, cedió las mismas en arrendamiento al demandado por término de diez años y canon anual de $4,500; en que fué convenido y estipulado por los contratantes que el arrendatario pagaría los cánones por trimestres anticipados; en que en 31 de marzo de 1950 venció el trimestre comprendido entre esa fecha y el 1º de enero del mismo año, sin que el demandado efectuara el pago de los cánones correspondientes al trimestre siguiente, o sea el comprendido entre el 1º de abril y el 30 de junio de 1950; en que en 12 de abril de 1950 el demandado consignó en la secretaría del tribunal a quo los cánones correspondientes al trimestre últimamente indicado, habiendo consignado más tarde, y en su oportunidad, los cánones de los varios trimestres comprendidos entre el 1º de julio de 1950 y el 31 de diciembre de 1951; y en que en 16 de noviembre de ese último año los demandantes presentaron una moción interesando la entrega de los cánones así consignados—incluyendo los vencidos con posterioridad a los cánones de arrendamiento a que se refiere la demanda entablada—y por orden del tribunal inferior el secretario se los entregó. Sostiene que el recurso debe ser desestimado toda vez que al aceptar la consignación y retirar de la secretaría el importe de tales cánones, los demandantes renunciaron su derecho a desahuciar al demandado. Su moción vino acompañada de sendas certificaciones, acreditativas de que en el pleito de desahucio objeto de la apelación los demandantes solicitaron la entrega de la suma de $1,433 consignada por él, y de que en los casos números 21296, 179, 412, 604, 784 y 1040, todos sobre consignación, los demandantes

[1] La anterior dueña de esas fincas lo era Susana Duprey Gayá, de la cual unos de los demandantes son causahabientes y otros albaceas testamentarios.

solicitaron y obtuvieron la entrega de los fondos consignados a favor de ellos, en relación con el pleito de desahucio ya mencionado.

Notificados los demandantes, éstos se han opuesto a la desestimación y sostienen "que la teoría del demandado es errónea, no sólo en cuanto concierne a los cánones adeudados al tiempo de presentarse la demanda, sino también en cuanto atañe a las cantidades consignadas en relación con supuestos vencimientos posteriores"; y que "el examen de los casos citados por el apelado en apoyo de su tesis, demuestra que los mismos se refieren principalmente a la aceptación por el acreedor de cánones devengados con posterioridad a la violación del contrato que dió lugar a la acción, pero antes de haber sido establecida la misma", mientras que "en el caso de autos, por el contrario, se trata de la aceptación de una cantidad consignada para pagar los cánones adeudados antes de establecer el recurso, y de varias otras cantidades consignadas a favor de los arrendadores, después de iniciado el pleito."

■■ En el caso de *Del Toro* v. *The Juncos Central Co.*, 29 D.P.R. 23, el canon de arrendamiento correspondiente al 1º de marzo de 1920 no fué remitido por la demandada al demandante hasta después de vencido el término fijado en el contrato. El demandante, haciendo constar que se reservaba los derechos que tenía contra la demandada a virtud del contrato, aceptó dicho canon antes de iniciar su acción. Resolvimos que la aceptación por el arrendador del pago del canon de arrendamiento correspondiente a un plazo vencido equivalía a una renuncia de su derecho a desahuciar y desestimamos la demanda. Apelado el caso al Tribunal de Apelaciones de los Estados Unidos para el Primer Circuito, éste revocó la sentencia dictada por nosotros. A su juicio la aceptación por el arrendador de cánones de arrendamiento vencidos *con anterioridad* a la iniciación de la demanda de desahucio, en la forma ya expuesta, no equivalía a una renuncia del derecho a desahuciar. Dijo, sin embargo, en su opinión

que "la ley sin duda es que cuando los cánones vencen *con posterioridad* al quebrantamiento del contrato y los mismos son aceptados por el arrendador, tal aceptación equivale a un reconocimiento de la existencia del contrato de arrendamiento y constituye una renuncia del quebrantamiento del contrato." *Del Toro* v. *Juncos Central Co.*, 276 F. 894.

Nueve años más tarde este Tribunal tuvo ante su consideración el caso de *Morales* v. *Martínez*, 40 D.P.R. 724. Citando innumerables autoridades resolvimos que: "Cuando el arrendador ha entablado procedimiento de desahucio alegando el no pago de ciertos cánones y *acepta aquéllos y cánones posteriores al quebrantamiento del contrato, vigente dicho procedimiento de desahucio, ello equivale a una renuncia al derecho a desahuciar.*" (Bastardillas nuestras.) En nuestra opinión, el principio enunciado en ese caso y por la Corte de Apelaciones para el Primer Circuito en el de *Del Toro* v. *Juncos Central Co.*, supra, exponen la ley correctamente. Véanse al mismo efecto Manresa, Comentarios al Código Civil Español, Tomo 10, ed. de 1950, págs. 644, 645; 100 Jur. Civ., pág. 406; *Dermott* v. *Wallach*, 68 U. S. 61, 17 L. ed. 680; *Knickerbocker Ins. Co.* v. *Norton*, 96 U. S. 234, 24 L. ed. 689, 692; *Holt* v. *Warren*, 176 F. 2d 479, 481; *Guptill* v. *Macon Stone Supply Co.*, 79 S. E. 854; *Rich* v. *Rose*, 99 S. W. 953; *Jones* v. *Maria*, 48 Cal. App. 171; Williston *on Contracts*, Vol. 3, pág. 1980; 109 A. L. R. 1269, 1273; 32 Am. Jur. 749, sec. 883; 16 R. C. L. 1132, sec. 653.

En el presente caso los demandantes no solamente aceptaron la consignación correspondiente al trimestre del 1º de abril al 30 de junio de 1950, cuyo no pago en su oportunidad dió lugar a la presentación de la demanda de desahucio, si que también solicitaron y obtuvieron la entrega de todos y cada uno de los cánones vencidos con posterioridad a la radicación de la demanda, terminando con los consignados el 27 de septiembre de 1951. A tenor de toda la jurisprudencia antes citada la aceptación por los demandantes, bajo las circunstancias

descritas, de cánones vencidos con posterioridad al quebrantamiento del contrato de arrendamiento equivalió a una renuncia por parte de ellos de su derecho a desahuciar al demandado. Debe, en su consecuencia, declararse con lugar la moción del apelado y desestimarse el recurso.

El caso de *Vélez* v. *San Miguel,* 68 D.P.R. 575, así como los de *Vidal* v. *Mason,* 68 D.P.R. 600; *Vidal* v. *Corte,* 71 D.P.R. 582; *Díaz v. Morales,* 71 D.P.R. 692; *Torres* v. *Biaggi,* 72 D.P.R. 869, y *Asociación Cooperativa* v. *Navarro,* 73 D.P.R. 145, 150, que le siguieron, son claramente distinguibles del presente.   Según dijimos en el primero de ellos su *ratio decidendi* fué que "la aceptación de dinero por el uso de propiedad inmueble no crea por sí solo un nuevo contrato de arrendamiento entre el comprador de una casa y el inquilino del dueño anterior cuando todas las otras circunstancias nos llevan a un resultado contrario." (²)   Refiriéndonos a los casos de *Morales* v. *Martínez* y *Del Toro* v. *Juncos Central Co.,* supra, dijimos en *Vélez* v. *San Miguel,* supra, a la pág. 583, que no nos detendríamos a determinar si esos casos fueron resueltos correctamente, que ya tendríamos tiempo de sobra para considerar la cuestión cuando surgiera un caso adecuado y que en el entretanto sólo se nos ocurrían dos argumentos, a saber: (1) que en esos casos ya existía un contrato entre las partes y la controversia se reducía a determinar si después de haber el inquilino infringido el contrato el propietario aceptaba dinero en alquiler—no dinero por el uso, sino alquiler en el concepto técnico—renunciaba con ello a la infracción; y (2) que aun cuando existiera un contrato, quizás dichos dos casos no debieran ser de aplicación, y "la doctrina debiera ser que la aceptación de dinero no conlleva la renuncia a la infracción anterior, siempre que se haga constar claramente que el dinero se

---

(²) Se trataba en todos esos casos de una persona o entidad que inmediatamente después—o poco tiempo después—de adquirir una propiedad requería al inquilino del anterior dueño para que desalojara la misma y más tarde aceptaba del poseedor de la propiedad ciertas cantidades de dinero, no por vía de arrendamiento sino a manera de compensación por el uso de la propiedad.

acepta como compensación por el uso, y no como alquiler." Hicimos constar en él enfáticamente que dejábamos la cuestión sin resolver. En el presente caso tenemos igualmente que dejar la cuestión sin resolver, toda vez que se desprende de manera paladina que los demandantes aceptaron los cánones vencidos con anterioridad y con posterioridad al incumplimiento del contrato voluntariamente y sin reservas de clase alguna. Cf. 34 Harv. L. Rev. 203.

Los demandantes sostienen, por otro lado, que de acuerdo con lo dispuesto por el artículo 18-A de la Ley de Alquileres Razonables, (³) el efectuar el demandado el pago mediante consignación de la cantidad adeudada, más los honorarios a que fué condenado, sin previa sentencia sobre los méritos, tácitamente equivale a confesar la verdad de los hechos alegados en la demanda, y que él no puede, después de un fallo adverso por nosotros (⁴) acogerse al remedio concedídole por ese artículo. El artículo 18-A fué adicionado a la Ley de Alquileres Razonables por la núm. 415 de 14 de mayo de 1947, pág. 821. (⁵) El mismo, sin embargo, no es aplicable al caso que está ante nuestra consideración, toda vez que por disposición expresa del artículo 4 de la Ley 464, supra, conforme fué enmendado por la Ley 202 de 14 de mayo de 1948, pág. 599, esa ley no se aplica a arrendamientos de fincas rústicas. Por otra parte, el artículo 628 del Código de Enjuiciamiento Civil, según fué enmendado por la Ley 268 de 14 de mayo de 1945, pág. 939, que es de aplicación general y que reza en su

---

(³) Ley 464 de 25 de abril de 1946 (pág. 1327).

(⁴) Los demandantes se refieren a nuestra resolución de 14 de julio de 1950, dictada en el recurso de *certiorari* núm. 1855, Carlos Igartúa Echevarría *v.* Corte de Distrito de Aguadilla.

(⁵) El artículo 18-A provee:

"Cuando la demanda de desahucio se funde en falta de pago del canon o precio convenido en un contrato, no se admitirá al demandado otra prueba que la del recibo o cualquier otro documento en que conste haberse verificado el pago; *Disponiéndose,* que si el demandado, en cualquier estado del procedimiento, hiciere efectivos los cánones adeudados con las costas y honorarios de abogado que fije el Tribunal, éste dictará resolución dejando sin efecto el procedimiento o la sentencia dictada."

360

primer párrafo de manera similar al artículo 18-A, por disposición expresa sólo estuvo en vigor hasta seis meses después del cese de las hostilidades de la guerra entonces existente entre Estados Unidos de América y Alemania, Italia y Japón. Esas hostilidades cesaron hace tiempo. Nada hay, sin embargo, que impida que en un pleito de desahucio fundado en falta de pago de los cánones de arrendamiento, un demandado consigne en corte las rentas vencidas o que vayan venciendo. Véanse el artículo 631 del Código de Enjuiciamiento Civil según fué enmendado por la Ley 170 de 9 de mayo de 1942, pág. 889; Manresa, obra y tomo citados, pág. 647; 149 Jur. Civ. 461; 121 Jur. Civ. 82.

*Debe declararse con lugar la moción y desestimarse el recurso.*