JOSÉ CARLE SANTIAGO, demandante y recurrente, *v.* ADMINISTRACIÓN DE ESTABILIZACIÓN ECONÓMICA, demandada y recurrida.

*Número:* CE-64-7     *Resuelto:* 15 de octubre de 1964

*E. Berríos Dávila,* abogado del recurrente; *Miguel Franquiz Ventura,* y *Álvaro Ortiz,* abogados de la recurrida; *A. Quirós Méndez,* abogado del interventor.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

PER CURIAM: Por la autoridad de *Riera* v. *Tribunal Superior,* 79 D.P.R. 635 (1956), el Administrador de Estabilización Económica se negó a fijar un alquiler razonable al arrendamiento de un solar vacío en el cual la corporación arrendataria levantó una estructura de aluminio, de tipo desmontable con piso de concreto, que le servía de oficina y a la vez para mantener bajo techo y en exhibición los automóviles que la arrendataria tenía para la venta, siendo su negocio el de la venta de automóviles. En esa edificación, con otras mejoras, la arrendataria invirtió unos $6,000.00. Cuando se hizo el primer contrato de arrendamiento en el año 1955 por un canon de $125 se estableció que la arrendataria devolvería el solar vacío tal como se le entregaba, sin dejar allí estructura alguna. En 1957 se hizo un nuevo arren-

damiento por un canon sustancialmente mayor de $275 y para esa fecha ya la arrendataria había erigido la estructura. Se reprodujo la cláusula anterior en cuanto a la remoción de toda estructura. Al exigirle el dueño un canon de arrendamiento de $500 que la arrentaria consideró opresivo, acudió ella a la Administración de Estabilización Económica para que fijara un canon rezonable. De primera intención la Administración fijó un canon provisional de $300, pero luego dejó sin efecto dicha orden siguiendo la doctrina sentada por este Tribunal en el caso citado de *Riera*, y se negó en definitiva a intervenir. La Sala de San Juan del Tribunal Superior confirmó al Administrador.

Expedimos *certiorari* para considerar la norma sentada en *Riera* a la luz de otros hechos y circunstancias presentes en este caso, distinta a la situación de aquél, entre ellos el hecho de que la edificación era esencial para que la arrendataria efectuara su negocio.

■ Pendiente el recurso ante nos, la Asamblea Legislativa por la Ley Núm. 67 de 19 de junio de 1964 enmendó, entre otros, los Arts. 4 y 22 de la Ley de Alquileres Razonables, resultando ahora en virtud de dicha Ley, que tuvo vigencia inmediata, y de las enmiendas, que han quedado bajo la reglamentación de la Ley de Alquileres Razonables y jurisdicción del Administrador todos los solares dedicados a cualquier fin—Art. 22 (e)—al incluirse éstos en la definición de "propiedad de alquiler".

■ No existe en este recurso la fijación de un canon provisional. Por otra parte, cualquier canon que se fije por el Administrador no puede tener efecto retrospectivo por disposición expresa de ley. En ausencia de esas circunstancias, y vista la Ley Núm. 67 antes mencionada, cualquier decisión que emita este Tribunal carecería de virtualidad y sería académica, ya que si se confirma el fallo de la Sala sentenciadora, el Administrador está investido de facultad para reglamentar el alquiler en este solar, y de revocarse,

el Administrador tiene ya esa facultad en virtud de la Ley Núm. 67.

*Por las razones anteriormente expuestas se archivará el recurso por académico.*