CELESTINO PABÓN, demandante y recurrente, *v.* ANTONIO FÉLIX MARRERO, demandado y recurrido.

Número: R-62-220          Resuelto: 25 de noviembre de 1964

*Montilla & Benítez,* abogados del recurrente; *E. L. Belén Trujillo,* abogado del recurrido.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

PER CURIAM: Desde el año 1953 el demandante le había arrendado un solar de su propiedad al demandado. El solar arrendado era uno yermo, sin edificación alguna, sito en Puerto Nuevo, San Juan. El contrato de arrendamiento se hacía por años y anualmente se renovaba. No está claro si los primeros contratos fueron escritos pero ciertamente durante los últimos años se hacía un breve contrato escrito. Por ejemplo, el último contrato, fechado a 11 de abril de 1960, es un contrato escrito que consta de una hoja.

El arrendatario estableció un negocio de bloques, arena y piedra en el solar arrendado y pasados algunos años construyó allí un ranchón de naturaleza temporera, de bloques y madera, techado de zinc. El último contrato anual dispone que al vencer éste el arrendatario podrá remover lo allí construido, por su cuenta y sin venir obligado el arrendador a pagar indemnización alguna.

Del contrato y del récord surge claramente que el contrato era a corto plazo—por años—y que estaba entendido entre las partes que en algún momento, al vencerse cualquiera de esas prórrogas anuales, el arrendador podría interesar

recobrar el solar. A la fecha en que se celebraron todo estos contratos anuales, los solares arrendados sin edificación alguna de carácter permanente, no estaban cubiertos por la Ley de Alquileres, aunque se encontrasen en la zona urbana y se dedicasen a fines comerciales e industriales. *Riera* v. *Tribunal Superior*, 79 D.P.R. 635, 641–642 (1956). (¹)

En 26 de septiembre de 1961 el demandante notificó por escrito al demandado que no deseaba renovar el contrato que se vencía el 11 de octubre de ese año de 1961 y que se proponía "retirar permanentemente ese inmueble del mercado de alquileres para dedicarlo a uso propio." También le solicitaba el arrendador en su carta al arrendatario que se pusiese al día en el pago de los alquileres, ya que le debía los plazos de julio y agosto y estaba próximo a vencerse el de ese mes de septiembre de 1961.

El arrendatario no desocupó el solar y el arrendador incoó demanda de desahucio en 28 de mayo de 1962, a los 8 meses de la notificación por escrito. La vista del caso se celebró en 1ro. de agosto de ese año. El demandante alegó que había decidido retirar el inmueble permanentemente del mercado de alquileres para dedicarlo a uso propio. Por su parte, el demandado tomó la posición de que no había buena fe de parte del demandante. Su declaración fue tendente a demostrar que el arrendador le solicitaba el solar porque él (el arrendatario) lo había llevado a la Administración de Estabilización Económica, debido a que casi todos los años el arrendador le aumentaba el canon, y a que la A.E.E. redujo sustancialmente el mismo. El tribunal de instancia sostuvo la posición del demandado y declaró sin lugar la demanda.

---

(¹) Fue este año, mediante la Ley Núm. 67 de 19 de junio de 1964, en que por primera vez se incluyeron los solares yermos bajo la Ley de Alquileres, *Leyes de 1964*, ed. Equity, pág. 184; 17 L.P.R.A. secs. 184 y ss., Sup. de 1964; *Diario de Sesiones*, 12 marzo 1964, pág. 608; "Informe Conjunto de las Comisiones de lo Jurídico y de Vivienda de la Cámara de Representantes Sobre el Proyecto de la Cámara 687," *Servicio Legislativo de Puerto Rico*, 1964, págs. 625–627.

El demandante-recurrente señala que el tribunal de instancia "cometió error de hecho y de derecho al denegar la demanda por haber concluído que el demandante no había probado la buena fe que en estos casos se requiere."

Como hemos dicho, a la fecha en que se interpuso la acción y se dictó sentencia los solares yermos no estaban cubiertos por la Ley de Alquileres y por lo tanto procedía el desahucio. Después de expedido el auto en el presente recurso se aprobó la Ley Núm. 67 de 19 de junio de 1964 que incluyó a los solares dentro de la definición de "propiedad de alquiler". (2) Si se determinare que la enmienda es aplicable a una situación como la que presenta este caso, procedería asimismo decretar el desahucio ya que la prueba claramente estableció la buena fe.

*Se revocará la sentencia apelada y se declarará con lugar la demanda en este caso.*

_____

(2) "Propiedad de alquiler" incluye edificio, habitación, apartamiento, o cualquier parte de los mismos irrespectivo de su uso y solares dedicados a cualquier fin.