José Francisco Pons, peticionario y recurrente, *v.* Héctor L. Schmidt, en su carácter de Director de la Administración de Servicios al Consumidor, demandado y recurrido.

*Número:* O-70-36      *Resuelto:* 13 de enero de 1971

*Otero-Suro & Otero Suro* y *Rodrigo Otero Bigles,* abogados del peticionario; *Rodríguez Ema, Rodríguez Ramón, Benítez Gautier & Zequeira, Darío Padín Mimoso* y *Aurelio Emanuelli Belaval,* abogados del interventor Super Garage y Junker Tito; *Mercedes Dolz Pérez, James G. Shine, Tadeo Negrón Medero, María García Chapero, Wilfredo López Irizarry* y *Henry Schmer,* abogados del recurrido.

EL JUEZ ASOCIADO SEÑOR RAMÍREZ BAGES emitió la opinión del Tribunal.

El recurrido, mediante el procedimiento en vigor, rebajó el canon de arrendamiento, de $180 mensuales convenido entre el peticionario y el interventor, a $11.70 mensuales de una porción de 6400 metros cuadrados de una finca propiedad del peticionario, situado en la antigua carretera de Río Piedras a Caguas, en el cual el interventor ha establecido un negocio de compraventa y almacenamiento de automóviles, otros vehículos y accesorios. A los efectos de establecer el nuevo canon de $11.70 mensuales, el recurrido usó como base el valor de tasación de dicha propiedad para fines contributivos que era la suma de $1,580, elevado al 100%, no pudiendo exceder el alquiler máximo del 8% de dicho valor (17 L.P.R.A. sec. 186(g)(1)). El Tribunal Superior, Sala de San Juan, confirmó esta determinación del recurrido por entender que la propiedad en cuestión no era una finca rústica.

En apoyo de este recurso apunta el peticionario que (1) la propiedad en cuestión era una finca rústica y por lo tanto, el recurrido carecía de jurisdicción para controlar su arrendamiento; (2) asumiendo que tuviese jurisdicción sobre dicha propiedad, el recurrido le fijó un alquiler irrazonablemente bajo cuando sobre dicha propiedad paga el peticionario aproximadamente $4.50 mensuales de contribución.

Las disposiciones de la Ley de Alquileres Razonables aplican a las propiedades de alquiler las que incluyen los edificios, habitaciones, apartamientos, o cualquier parte de los mismos, irrespectivo de su uso y solares dedicados a cualquier fin. Las propiedades de alquiler radicadas en, y los solares que forman parte de, fincas rústicas, no están específicamente incluidos entre las propiedades a las que no aplican las disposiciones de la Ley de Alquileres Razonables (17 L.P.R.A. secs. 184 y 212). En *Pabón* v. *Marrero*, 91 D.P.R. 477, 480 (1964), y en *Carle Santiago* v. *Administración de Estabilización Económica*, 91 D.P.R. 65 (1964), dijimos que por virtud de la enmienda hecha a la ley en cuestión por la Ley Núm. 67 de 19 de junio de 1964 los solares están incluidos dentro de la definición de "propiedad de alquiler". En estos casos, sin embargo, se trataba de solares radicados en zonas urbanas.

Con respecto a los solares, el propósito de la enmienda hecha al Art. 4 de la Ley de Alquileres Razonables por la Ley Núm. 67 de 19 de junio de 1964, fue el de incluirlos en el término propiedad de alquiler irrespectivamente del uso a que sean destinados (*Servicio Legislativo* 1964, Vol. 2, págs. 625–626). Fuera de esta observación nada más se expresó en el informe legislativo sobre la naturaleza y alcance del término "propiedad de alquiler" de manera que puede deducirse que dicho término no amplió la cubierta de la ley en cuestión excepto en relación con los solares sin edificaciones. Con respecto a las propiedades excluidas de la ley, la Ley Núm. 67 sólo tuvo el propósito de adicionar a las propiedades excluidas, las dedicadas al negocio de hospital o clínica, las viviendas con una renta de $200 ó más por mes y los locales de negocios, industria, oficinas profesionales o para fines sociales o recreativos con una renta de $400 ó más por mes. Por la Ley Núm. 14 de 10 de junio de 1965 se excluyó de la ley las propiedades de alquiler usadas en el negocio de venta de gasolina al detal. En vista

de la expresada intención legislativa en relación con las referidas enmiendas a la Ley de Alquileres Razonables, no ha perdido virtualidad nuestro dictamen en *Igartúa* v. *Ruiz*, 73 D.P.R. 354, 359 (1952), al efecto de que la ley en cuestión no aplica al arrendamiento de fincas rústicas excepto que en *Simonet* v. *Igaravídez*, 90 D.P.R. 1, 8 (1964), dijimos que las viviendas enclavadas en tales propiedades están cubiertas por dicha ley. No existe razón alguna por qué, en armonía con la norma de *Simonet*, supra, las edificaciones que se usan para negocios o locales de negocios, radicadas en fincas rústicas, también estén cubiertas por la Ley de Alquileres Razonables. En ambos casos, por supuesto, la ley excluye aquellas de éstas propiedades cuyo alquiler excede de los montos máximos fijados por la ley.

■ Ahora bien, los solares dedicados a cualquier fin están expresamente sujetos a las disposiciones de la Ley de Alquileres Razonables. ¿Pero qué se entiende por el término solar? Este vocablo quiere decir una superficie apta para construir en ella, enclavada en zona urbana o en vías de urbanización. Sentencias del Tribunal Supremo de España, de 31 de enero de 1950 y 2 de marzo de 1948; Castán y Calvillo, *Tratado Práctico de Arrendamientos Urbanos*, págs. 177–185. No hay duda de que de estar el solar objeto de la controversia en este caso situado en una zona urbana estaría cubierto por la Ley de Alquileres Razonables. Pero entonces, el alquiler sería una cantidad que se aproximaría a los $180 mensuales convenidos ya que la tasación para fines contributivos de dicho solar podría alcanzar la suma de $15,000, de manera que el alquiler en tal caso podría calcularse en un máximo de 8% del doble de dicha tasación, o sea, en $2,400 al año, es decir, en $200 mensuales.

■ Precisamente porque el legislador sabe que la tasación de los solares urbanos es alta es que fijó en la ley un método justo y razonable para determinar el alquiler a

cobrar por el uso de tales propiedades. El hecho que ese método, al aplicarse a solares en fincas rústicas cuya tasación es muy baja en comparación con las de propiedades urbanas, resulta injusto, irreal y opresivo, es indicativo de que el legislador no pudo tener la intención de incluirlos bajo la Ley de Alquileres Razonables y de que usó el término *solares* en su acepción usual y corriente de superficie en zona urbana. De haber querido incluirlos, sin duda hubiera provisto un método distinto pero igualmente justo y razonable para determinar el alquiler de los mismos.

Concluimos que el solar en este caso no está sujeto a las disposiciones de la Ley de Alquileres Razonables y, en tal virtud, *debe revocarse la sentencia dictada en este caso por el Tribunal Superior, Sala de San Juan, y dejarse sin efecto la orden del Director de la Administración de Servicios al Consumidor dictada en 19 de junio de 1964 que fijó el alquiler máximo del solar en la suma de $11.70, debiendo prevalecer el alquiler de $180 convenido por las partes.*

El Juez Presidente, Señor Negrón Fernández, al igual que los Jueces Asociados Señores Santana Becerra y Dávila, no intervino. El Juez Asociado Señor Pérez Pimentel concurre en el resultado.