## Sosa *v.* Río Grande Agrícola Co., Ltd.

Apelación procedente de la Corte de Distrito de San Juan.

No. 725.—Resuelto en diciembre 15, 1911.

Desahucio—Jurisdicción de las Cortes de Distrito—Venta de Finca Arrendada.—Las cortes de distrito tienen jurisdicción para conocer de los juicios de desahucio entablados por el comprador de una finca arrendada en virtud

de un contrato privado, no cayendo dentro de las excepciones del artículo 474 del Código Civil, pues la posesión del arrendatario es equivalente al disfrute de la finca en precario y no surge cuestión del montante de las rentas anuales.

ID.—VENTA DE FINCA ARRENDADA—CONOCIMIENTO DE LA EXISTENCIA DEL CONTRATO POR EL COMPRADOR DE LA FINCA.—Celebrado un contrato de arrendamiento en virtud de documento, sin pacto de respetar la posesión del arrendatario en caso de venta, dicho contrato tiene el carácter de personal y aun en el supuesto de que el comprador de la finca arrendada tuviera conocimiento de la existencia del mismo, esto no altera su naturaleza y el arrendatario está obligado a desalojar la finca si así lo exige el comprador.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Antonio Sarmiento.*

Abogado del apelado: *Sr. Herminio Díaz Navarro.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

La primera cuestión planteada en este caso es si la corte de distrito tenía jurisdicción para conocer de esta acción de desahucio entablada por el apelado. De acuerdo con la sección 3 de la Ley de Desahucio de marzo 9, 1905, p. 286, las cortes municipales tienen jurisdicción para conocer de todos los casos de desahucio en que la cantidad estipulada en el arrendamiento como canon, o el precio o cantidad que por virtud de cualquier contrato deba pagarse, computado por una anualidad, no exceda de mil dollars. En todos los demás casos la jurisdicción radica en la corte de distrito.

El 30 de marzo de 1911 el apelado, José Sosa Oliva, compró a Eugenio Malpica un predio de terreno radicado en el barrio de Guzmán Abajo del término municipal de Río Grande. El 5 de abril de 1911 el apelante, la Río Grande Agrícola Co. Ltd., notificó al apelado que poseía dicha finca en virtud de un contrato de arrendamiento celebrado con su anterior dueño, Eugenio Malpica, por el término de siete años, cuatro obligatorios y tres de prórroga a elección del arrendatario, y que hacía uso de ese derecho de elección utilizando dicha prórroga.

Dicho contrato de arrendamiento fué extendido en un documento privado sin consignar en él cláusula alguna referente a los derechos del arrendatario en caso de venta, y dicho contrato no fué inscrito en el registro de la propiedad. El ape-

lado se negó a reconocer dicho contrato de arrendamiento y entabló la presente acción de desahucio.

El demandado, después de una moción preliminar y de unas excepciones previas que mas adelante se discutirán, contestó la demanda alegando falta de jurisdicción, porque el canon anual de arrendamiento no llegaba a mil dollars, y alegando además que el apelado tenía conocimiento de la existencia del contrato de arrendamiento.

Después de celebrada la vista, la corte dictó sentencia a favor del apelado por el fundamento principal de que la contestación no alegaba hechos bastantes que constituyeran una defensa contra la demanda.

El apelado entabló su acción fundado en el artículo 1474 del Código Civil, cuyo texto es el siguiente:

"Artículo 1474.—El comprador de una finca arrendada tiene derecho a que termine el arriendo vigente al verificarse la venta, salvo pacto en contrario y lo dispuesto en la Ley Hipotecaria.

"Si el comprador usare de este derecho, el arrendatario podrá exigir que se le deje recoger los frutos de la cosecha que corresponda al año agrícola corriente y que el vendedor le indemnice los daños y perjuicios que se le causen."

En virtud de este artículo el comprador, salvo en los casos exceptuados en el mismo, tiene derecho a dar por terminado un contrato de arrendamiento existente. Salvo dichas excepciones, el contrato de arrendamiento entre el arrendatario y el primitivo dueño es de carácter personal, y en tales casos el objeto del artículo 1474 es otorgar al comprador un dominio sin trabas sobre la finca comprada. (10 Manresa 586 *et seq.*; 24 Scaevola, 650 *et seq.*) La ley da derechos al arrendatario contra el dueño primitivo, pero no contra el comprador. El arrendamiento le vale tanto, contra el comprador como si lo hubiera celebrado con un extraño. La ley hace entrega de la finca al comprador, si éste así lo quiere, libre de toda traba, y desde el momento en que al arrendatario se le notifica por el comprador su deseo de dar por terminado el arrendamiento, como lo fué en el caso pre-

sente, si continúa en la posesión de la finca lo hace a beneplácito del dueño. La sección 2 de la Ley de Desahucio estatuye entre otras cosas, que el desahucio procede contra ''cualquier persona que detente la posesión material o disfrute precariamente sin pagar canon o merced alguna.'' Al efectuarse la venta de Malpica a Sosa el contrato de arrendamiento del apelante era por el término de cuatro años con una prórroga de tres. No se trataba de un contrato de arrendamiento por siete años. La obligación contraída era de carácter personal y directa para con el dueño anterior. De aquí que, en cuanto se refiere al comprador, no poseía con la obligación de pagar arrendamiento sino que estaba equiparado al caso en precario. Es cierto que la sección 3 de dicha Ley de Desahucio habla del ''precio o cantidad que por virtud de cualquier contrato deba pagarse.'' Estas palabras, sin embargo, deben restringirse a un contrato celebrado con el dueño u otra persona que sustituya la personalidad del arrendador o contratante. La intención del artículo 1474 del Código Civil es evidente que es eximir al comprador de la obligación de reconocer un arrendamiento existente, excepto en los casos especialmente marcados en dicho artículo. Por lo tanto tenemos que, en este caso concreto no existía canon o arrendamiento pactado y en su virtud, el tribunal competente para conocer de él es aquél al cual se le confiere la jurisdicción en todos los demás casos que no están expresamente incluídos en el primer párrafo de la sección 3, o sea la corte de distrito.

La contestación a la demanda alega que el demandante tenía conocimiento de la existencia de dicho arrendamiento. Las palabras del artículo 1474 ya citadas no son tan claras como sería de desear.

Antes de que el contrato de arrendamiento por cuatro años pudiera transformarse de una obligación personal en real, era necesario que el arrendador y el arrendatario expresamente consignaran en el contrato, que dicho arrendamiento se convertía en un derecho real. A pesar de eso, antes de que esa estipulación pudiera perjudicar a un comprador, era nece-

sario inscribir el arrendamiento en el registro de la propiedad, o demostrar que el comprador tenía conocimiento de la existencia de dicha estipulación. Las palabras "y lo dispuesto en la ley hipotecaria" contenidas en dicho artículo significan que el comprador de una finca arrendada solamente puede ser perjudicado por un contrato real del cual tenga conocimiento personal o que esté registrado. La contestación alega de una manera deficiente que el comprador tenía ese conocimiento; pero aun en el caso de que lo alegara en debida forma, la existencia de dicho conocimiento no transformaría la naturaleza del contrato de personal en real, ni afectaría ni destruiría los derechos del comprador a la posesión de la finca.

El apelante impugna la demanda fundándose en que se consignan en ella dos causas distintas de acción. Es verdad que la demanda también expresa que el arrendamiento es nulo porque la esposa del dueño primitivo no concurrió a su otorgamiento; pero en la súplica no se pedía su nulidad y dicha alegación es superflua en vista del concepto que hemos formado de este caso.

También fué impugnada la demanda por no haberse alegado en ella el importe del canon del arrendamiento. La jurisdicción de la corte de distrito resultante del importe del canon se presume siempre hasta que se demuestre lo contrario.

Además, se objeta la demanda por la forma en que se expresa la falta de conocimiento de la existencia del arrendamiento; pero como la existencia o nó de dicho conocimiento era impertinente, la alegación referente a dichos hechos hubiera sido superflua.

La sentencia apelada debe ser confirmada.

*Confirmada.*

Jueces concurrentes: Sres. Asociados MacLeary, del Toro y Aldrey.

El Juez Presidente Sr. Hernández, no tomó parte en la resolución de este caso.