CUESTA, DEMANDANTE Y APELANTE, *v.* ORTIZ, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre desahucio.

No. 2456.—Resuelto en mayo 23, 1921.

DESAHUCIO EN PRECARIO — JURISDICCIÓN DE LA CORTE DE DISTRITO — VENTA DE FINCA ARRENDADA.—Cuando el comprador de una finca arrendada cuyo arrendamiento no consta inscrito en el registro no promete respetar el contrato aún cuando conozca su existencia, no queda obligado por sus términos y si el arrendatario no se aviene a entregarle la finca puede ejercitar contra él la acción de desahucio en la corte de distrito correspondiente, ya que no existiendo contrato, la posesión del arrendatario es equivalente al disfrute de la finca en precario y no surge cuestión del montante de las rentas anuales según se decidió en *Sosa* v. *Río Grande Agrícola Co., Ltd.,* 17 D. P. R. 1149.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. R. Sánchez Bonet.*

Abogado del apelado: *Sr. E. Ponsa Parés.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Juan Cuesta Prieto entabló demanda de desahucio contra Carmelo Ortiz, alegando que era dueño de una casa situada en Cataño por compra que hizo el 21 de enero de 1921; que había pedido por escrito al demandado, ocupante de la casa, que se la dejara libre para el 15 de febrero si-

guiente; que el demandado no dejó libre la casa y la continúa ocupando sin mediar contrato ni convenio, contra la voluntad de su dueño, el demandante, sin pagar canon ni merced. La demanda se presentó originalmente en la Corte de Distrito de San Juan el 11 de marzo último.

Contestó el demandado que ocupa en efecto la casa de que se trata desde hace más de un año mediante el pago de un canon mensual de sesenta y cinco dólares que ha satisfecho hasta el 28 de febrero de 1921; que el demandante el 21 de enero último le notificó la compra de la casa y le pidió que la desocupara o le pagara por ella ciento cincuenta dólares mensuales, y que "el demandante, con la modificación del precio del canon, quedó subrogado en el contrato de arrendamiento existente entre los anteriores dueños de la casa y el demandado." Y sostuvo el demandado "que no existiendo la condición precaria en la ocupación de la casa," debía declararse sin lugar la demanda.

Se presentaron como prueba dos cartas del demandante al demandado de fechas 20 de enero y 17 de febrero de 1921 que copiadas en lo pertinente, dicen así:

"Por medio de la presente pongo en conocimiento de Ud. que habiendo adquirido por compra la casa que Ud. ocupa y necesitando urgentemente utilizarla le ruego encarecidamente me la desocupe para el día 15 de febrero de 1921 con lo que Ud. me hará un gran favor.

"En caso de que Ud. no la hubiese desocupado para la fecha indicada se servirá tomar nota del precio del arrendamiento que será a partir de esa fecha $150 ciento cincuenta dollars mensuales.

"Pero como yo necesito hacer uso de ella para esa fecha le reitero mi súplica para que me la desocupe. .

"Sin más esperando acuse recibo de ésta quedo de Ud. atento S. S. y amigo."

"La presente tiene por objeto manifestarle, que toda vez que usted no ha sabido apreciar mi benevolencia al concederle 25 veinticinco días para que desocupara la casa que ocupa de mi propiedad, puesto que yo la estoy necesitando con urgencia, ésta le servirá de

aviso que doy por terminado el contrato de arrendamiento que usted hizo con el anterior dueño de la casa, para tener efecto el día último de febrero.''

La corte de distrito resolvió el caso en contra del demandante por estimar que no se había probado la condición precaria del demandado y el demandante interpuso entonces el presente recurso de apelación.

Explicando el criterio adoptado, el juez sentenciador, en su opinión, dijo:

''Así las cosas la corte no ha podido llegar a otra conclusión que a esta. No se ha probado que el demandado ocupe la casa sin mediar contrato ni convenio alguno, sin pagar canon ni merced alguna ni contra la voluntad del demandante, pues aún en el supuesto de que el demandado no desalojara la finca en la fecha fijada por el demandante en su notificación, éste siempre tendría derecho a exigir el pago de los $150 mensuales que había fijado como precio o canon mensual del arrendamiento, con todo lo cual ha quedado desvirtuado el concepto de precario, si es que en algún momento existió éste. El demandante ha podido obtener su propósito si la acción se hubiera fundado en la terminación del contrato, pero no en un precario que no ha sido debidamente justificado.''

En el caso de *López* v. *Central Eureka, Inc.,* 27 D. P. R. 291, esta corte decidió que cuando el comprador de una finca arrendada cuyo arrendamiento no consta inscrito en el registro de la propiedad no promete respetar el contrato, aún cuando conozca su existencia, no está obligado por sus términos, y si el arrendatario no se aviene a entregarle la finca, puede ejercitar contra él la acción de desahucio. Y esa jurisprudencia es enteramente aplicable al presente caso porque si bien el comprador dió al demandado la oportunidad de continuar en la posesión de la finca mediante el pago del canon de ciento cincuenta dólares mensuales, el demandado no sólo dejó de aceptar la oferta, sino que resulta de la prueba que la rechazó. Consta de la transcripción que el demandado depositó en poder del secretario de la Corte Mu-

nicipal de Bayamón la suma de sesenta y cinco dólares expresando que representaba el precio del arrendamiento durante el mes de febrero de 1921. Sesenta y cinco dólares debía pagar el demandado con arreglo al antiguo contrato que no estaba obligado a respetar, que no existía para el comprador. Si el demandado hubiera pagado al nuevo dueño los ciento cincuenta dólares por él exigidos, o los hubiera depositado de acuerdo con la ley, su situación sería distinta.

Siendo esto así, el caso debe regularse por los principios establecidos en el de *Sosa* v. *Río Grande Agrícola Co., Ltd.,* 17 D. P. R. 1149, a saber:

"Las cortes de distrito tienen jurisdicción para conocer de los juicios de desahucio entablados por el comprador de una finca arrendada en virtud de un contrato privado, no cayendo dentro de las excepciones del artículo 474 del Código Civil, pues la posesión del arrendatario es equivalente al disfrute de la finca en precario y no surge cuestión del montante de las rentas anuales."

El caso es distinto del de *Cerra* v. *González,* decidido el 31 de marzo último, (página 289). Allí no se trataba de un nuevo dueño, sino del mismo que había celebrado el contrato a virtud del cual había entrado el arrendatario en la posesión legal de la finca.

Habiéndose, pues, demostrado que el demandado ocupa la finca de que se trata contra la expresa voluntad del dueño, sin que exista contrato alguno celebrado entre el dueño y el demandado, y sin que éste haya pagado canon ni merced alguno desde el primero de febrero de 1921, habiéndose interpuesto la demanda en 11 de marzo de 1921 después de haberse pedido por escrito al demandado que desocupara la finca desde fines de enero de 1921, dándosele para ello un plazo de veinticinco días, y, después de haberse insistido, sin resultado, en la petición de desalojo por carta de 17 de febrero de 1921, debió decretarse el desahucio solicitado por la causa alegada.

·La sentencia apelada debe en tal virtud revocarse y dictarse otra en su lugar ordenando el desahucio.

> *Revocada la sentencia apelada y declarada con lugar la demanda sin especial condenación de costas.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.