ARRACHE ET AL., DEMANDANTES Y APELADOS, *v.* CARLSSON, DEMANDADO Y APELANTE.

No. 3173.—*Visto:* Enero 15, 1924.· *Resuelto:* Mayo 31, 1924.

DESAHUCIO—SUSTITUCIÓN DE PARTE DEMANDANTE—DEMANDA COMPLEMENTARIA.—Si el demandante en un caso de desahucio se desprende del título a la propiedad objeto del litigio, pendiente éste, la acción puede continuarse a nombre del cesionario con permiso de la corte, y el hecho del traspaso puede alegarse por medio de demanda complementaria.

ID.—EXCEPCIÓN PREVIA A LA CONTESTACIÓN—SENTENCIA SOBRE LAS ALEGACIONES.—Cuando la contestación del demandado en una acción de desahucio en precario continuada por el comprador de la finca pendiente el litigio, alega como única defensa que el demandado posee a virtud de arrendamiento contratado con el primitivo dueño, pero no que el nuevo dueño conociera el arrenda-

miento y se hubiera de algún modo obligado a respetarlo, o que el arrendamiento estuviera inscrito en el registro; procede la excepción previa a la contestación aducida por el demandante y en su consecuencia debe declararse con lugar la demanda por no haberse alegado una defensa meritoria.

SENTENCIA de *Tomás Bryan*, J. (Aguadilla), declarando con lugar demanda de desahucio. *Confirmada.*

*Esteves e I. Soldevila,* abogados del apelante; *García Méndez & García Méndez,* abogados de los apelados.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Tomasa Guzmán presentó una demanda de desahucio en la Corte de Distrito de Aguadilla contra Ernesto Carlsson, alegando ser dueña de cierta finca rústica cuya posesión detentaba el demandado sin su consentimiento y contra su voluntad.

Se señaló el 3 de octubre de 1923 para la primera comparecencia y en dicho día se presentó una moción alegando que después de radicada la demanda, la demandante había vendido al Dr. José S. Arrache y a doña Francisca y don Juan Arrache la finca objeto del litigio y los actuales dueños interesaban continuar la tramitación del pleito "por encontrarse el demandado disfrutando precariamente la finca," y pedían que la Sra. Guzmán fuera sustituída por ellos como parte demandante. El demandado se opuso y la corte resolvió la cuestión suscitada así: "La corte entiende que ésa es una cuestión discrecional y por tanto admite la subrogación por sustitución, y si por virtud de la sustitución el abogado no se halla en condiciones de defenderse hoy, no tiene inconveniente la corte en señalarle otra fecha."

El propio día 3 de octubre se radicó una demanda complementaria. El demandado al par que se opuso a la admisión de la demanda complementaria adujo en contra de ella las excepciones de falta de hechos suficientes, indebida acumulación de partes y ambigüedad. La corte decidió admitir la dicha demanda complementaria. El demandado so-

licitó un plazo para contestarla y la corte transfirió la primera comparecencia para el 11 de octubre de 1923.

En dicho día comparecieron las partes. La demandante propuso su prueba consistente en documentos y testigos. Acto seguido los demandantes presentaron una excepción previa contra la contestación del demandado, y el abogado de éste solicitó un receso de diez minutos para estudiar las alegaciones, que le fué concedido. El demandado por medio de su abogado se allanó a la excepción y pidió una hora para formular una contestación enmendada. La corte accedió y la contestación enmendada fué archivada. Está redactada de tal modo que puede concluirse que admite la certeza de la venta a los demandantes Arrache. Luego como materia nueva, alegó que ocupaba la finca a virtud de arrendamiento celebrado con la anterior dueña.

Se procedió entonces a discutir las excepciones del demandado y fueron declaradas sin lugar. Quiso el demandado introducir su prueba y se opusieron los demandantes alegando que la contestación no contenía hechos suficientes para constituir una buena defensa. La corte resolvió tener por ofrecida la prueba propuesta por el demandado reservándose admitirla o nó después de estudiar la cuestión planteada por los demandantes y se levantó la sesión para continuarla al cabo de unas horas. Al constituirse de nuevo el tribunal, declaró con lugar la excepción por los siguientes fundamentos:

"Porque el supuesto título alegado por el demandado para estar en posesión de la finca es un simple proyecto de arrendamiento que no llegó nunca a concretarse en nada definitivo y que en el supuesto caso que hubiese constituido un contrato de arrendamiento en forma, entonces habría sido necesario especificar en la contestación que tal contrato estaba inscrito en el registro de la propiedad y hacía efecto contra tercero o si no alegar que de tal contrato o convenio tuvieron conocimiento los nuevos adquirentes de la finca José S. Juan o Francisca Arrache y Battistini, y que se comprometieron a respetarlo. No habiendo hecho ninguna de estas dos alegaciones la contestación carece de hechos suficientes para constituir una oposición o defensa

contra la demanda y, en su consecuencia, declara con lugar la demanda y decreta el desahucio en la forma solicitada en la misma."

Dictada sentencia de conformidad, fué apelada por el demandado para ante este tribunal, señalándose en su alegato los siguientes errores cometidos, 1, al admitir la sustitución; 2, al permitir la demanda complementaria; 3, al declarar sin lugar las excepciones previas del demandado, y 4, al declarar con lugar la excepción a la contestación y decretar el desahucio.

1. El primero de los defectos no existe. El artículo 69 del Código de Enjuiciamiento Civil prescribe que una acción no termina por la cesión de cualquier interés en dicha acción siempre que la causa subsista y permite en caso de "cualquiera otra cesión de interés" que la persona a quien se hizo el traspaso quede subrogada en la acción. Y la Corte Suprema de California en el caso de *Camarillo* v. *Fenlon,* 49 Cal. 203, estableció la siguiente doctrina: "Si el demandante en un caso de *ejectment* se desprende del título a la propiedad objeto del litigio, pendiente éste, la acción puede continuarse en su nombre, a menos que el cesionario solicite que se le tenga por demandante." La ley puertorriqueña es igual a la de California.

2. Sostiene la parte apelante que la corte erró al admitir la demanda complementaria, sin hacer una sola cita de ley o jurisprudencia..

El artículo 134 del Código de Enjuiciamiento Civil autoriza la presentación de demandas y contestaciones suplementarias para "alegar hechos esenciales al caso ocurridos después de la anterior demanda o contestación," y la jurisprudencia ha establecido que la admisión de dichas alegaciones descansa en la sana discreción de la corte. *Jacob* v. *Lorenz,* 98 Cal. 332.

¿Abusó en este caso la corte de su poder discrecional? Es indudable que el hecho del traspaso de la propiedad puede considerarse esencial y ocurrió después de establecida

la demanda. Siendo esto así, las condiciones exigidas por la ley parecen existir.

La única duda que hemos tenido al examinar la jurisprudencia en relación con los hechos de este caso, es la de si la demanda complementaria estableció o nó una nueva y distinta causa de acción, pues si la estableciera de una manera independiente, no procedería. ''Una nueva e independiente causa de acción no puede ser sustituida por medio de una demanda complementaria.'' Fairall's Code of Civil Procedure, párrafo 464, citando los casos de *Gleason* v. *Gleason*, 54 Cal. 135, *Jacob* v. *Lorenz*, 98 Cal. 332, y *Gordon* v. *San Diego*, 108 Cal. 264.

La demanda primitiva se basó en la condición precaria del demandado. También la complementaria. La causa de acción no fué, pues, variada. La cuestión del arrendamiento surgió como una defensa del demandado. Es evidente que el arrendamiento alegado, si es que el juez de distrito no está en lo cierto, en la primera parte de su resolución, hubiera constituido una buena defensa en cuanto a la primitiva demandante y no constituye defensa válida alguna en cuanto a los actuales, pero esto no quiere decir que la causa de acción ejercitada sea distinta. Bajo esas circunstancias no creemos que pueda sostenerse que la corte de distrito abusara de su discreción al admitir la demanda complementaria, que fué, como hemos dicho, excepcionada y contestada por el demandado.

3. No nos detendremos a considerar el tercer error. No existe. Las demandas claramente aducen causa de acción para el desahucio.

4. La acción de la corte de distrito está justificada por sus propios fundamentos. Aunque pudiera existir duda con respecto al primero o sea a que el contrato de arrendamiento alegado por el demandado era un simple proyecto que no llegó nunca a concretarse en nada definitivo, el segundo es tan claro que no admite dudas de ningún género. En cuanto a los nuevos demandantes, nada meritorio alegó el deman-

dado. _Sosa_ v. _Río Grande Agrícola Co., Ltd._ 17 D.P.R. 1149, y _Cuesta_ v. _Ortiz,_ 29 D.P.R. 494. Reclamada la posesión por el dueño y hallándose en ella el demandado sin derecho alguno, el desahucio se imponía, y no erró, por tanto, la corte al decretarlo.

_Debe confirmarse la sentencia recurrida._

El Juez Asociado Sr. Hutchison firmó: Conforme con la sentencia.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.