Narcisa Díaz Torres, demandante y apelada, *v.* Silverio Morales, demandado y apelante.

Núm. 10157.—*Sometido:* Abril 3, 1950. *Resuelto:* Junio 23, 1950.

*Gloria María Mimoso de Laguna,* abogada del apelante; *Ernesto Juan Fonfrías, Santiago Polanco Abréu y Víctor Vargas Negrón,* abogados de la apelada.

*PER CURIAM:* El 23 de agosto de 1948 la demandante instó acción de desahucio contra el demandado alegando, en síntesis, que era dueña de una casa de dos plantas, con garaje —descrita en la demanda—en el municipio de Caguas, la cual adquirió el 21 de enero de 1948 por escritura de esa fecha ante el notario Antonio L. López, que fué inscrita en el Registro de la Propiedad; que el demandado ocupaba la planta alta, con garaje, de dicha casa, por el canon mensual de $30 según contrato de arrendamiento formalizado con el anterior dueño de dicha propiedad; que la demandante adquirió el referido inmueble con el único propósito de utilizarlo de buena fe y ocuparlo como residencia personal de ella y de sus familiares inmediatamente; que el mismo día de la adquisición

notificó por carta al demandado informándole su necesidad de la casa para vivirla, habiendo reiterado dicho propósito por cartas certificadas con acuse de recibos enviadas al demandado el 9 de marzo, 13 de abril y 19 de junio de 1948; que el contrato de arrendamiento con el anterior dueño no fué ratificado en forma alguna por la demandante y que, a pesar de los requerimientos de ésta, el demandado se negaba a desocupar la planta alta de dicha propiedad, siendo su ocupación ilegal por no existir título o contrato alguno justificativo de la misma.

Contestó el demandado aceptando algunos de los párrafos de la demanda en su totalidad y otros en parte. Negó específicamente que el contrato de arrendamiento con el anterior dueño no se hubiese ratificado por la demandante, alegando en contrario a ese respecto que la demandante y él celebraron un contrato de arrendamiento al ir aquélla a tomar posesión de la propiedad comprada; que se acordó un canon de $30 mensuales a ser pagados el día último de cada mes, comenzando dichos pagos con el del mes de enero de 1948, el cual verificó el demandado al vencerse dicho mes, y así sucesivamente al vencerse los meses de febrero y marzo de ese año; que la demandante, por conducto de su abogado, dió por terminado dicho contrato de arrendamiento por carta certificada del 13 de abril de 1948; que no obstante, el demandado siguió pagando los cánones de arrendamiento de los meses de abril a noviembre según iban venciendo. Negó la alegación de la demandante de que adquirió el inmueble descrito en la demanda con el único propósito de utilizarlo de buena fe y ocuparlo como residencia personal y de sus familiares, alegando en contrario que dicha propiedad constaba de tres viviendas en las cuales estaba la del demandado; que la demandante quería recobrar la posesión de dicha vivienda de mala fe, pues había radicado ante la misma corte tres demandas de desahucio alegando la misma causal, una contra Conchita Gutiérrez de Sécola, otra contra Crispulo Díaz y la otra contra Armando Marcial. Alegó asimismo que Conchita Gutiérrez

de Sécola, desocupó su vivienda, la que estaba a la disposición de la demandante para vivirla personalmente con sus familiares. Luego de aceptar haber recibido las cartas enumeradas en la demanda, negó que las de fecha 9 de marzo, 13 de abril y 19 de junio de 1948, tuvieran el propósito de reiterar el deseo de la demandante de recobrar la propiedad, y alegó específicamente estar ocupando la planta alta de la casa en virtud de actuaciones de la propia demandante, que al dar por terminado el contrato de arrendamiento el 13 de abril, por conducto de su abogado, le concedió 60 días para desocupar, término que fué extendido luego a 180, vencedero en 19 de junio de 1948; que no era un *detentador*, ya que pagó en *calidad de renta* todas las mensualidades desde enero a noviembre de ese año.

Como defensa especial adujo que la corte inferior carecía de jurisdicción para conocer del pleito, ya que al renovar la demandante el contrato de arrendamiento existente con el dueño anterior por el canon de $30 mensuales y aceptar en pago como renta las mensualidades de enero, y subsiguientes, ratificó dicho contrato anterior, el que la demandante dió por terminado el 9 de marzo, no siendo por tanto *detentador* y sí *arrendatario*, por cuya razón correspondía la jurisdicción para iniciar la acción a la corte municipal.

Celebrado el juicio en su fondo, la demanda fué declarada con lugar.

Al resolver la cuestión jurisdiccional planteada por el demandado, la corte inferior se expresó así:

"Comoquiera que se ha levantado la cuestión legal de que la corte no tiene jurisdicción ya que el contrato de arrendamiento que alega el demandado existe entre él y la demandante es por un canon de arrendamiento mensual de $30 por lo que no excedería la suma anual de $1,000, se hace necesario que determinemos esta cuestión de derecho considerando la prueba aportada en el caso. Al través de esa prueba es que únicamente podemos determinar si había tal contrato o no.

"La prueba tanto la documental como la testifical aportada por las partes nos revela los siguientes hechos:

"1. Que la demandante adquirió la finca en cuya segunda planta reside el demandado de Juan S. Marcano y Monserrate Polo el día 21 de enero de 1948 según escritura núm. 27 otorgada ante el notario Antonio L. López.

"2. Que el demandado residía en la segunda planta de dicha casa por virtud de contrato celebrado entre él y el anterior dueño Juan S. Marcano y mediante el pago de un canon de $30 mensuales.

"3. Que el mismo día 21 de enero de 1948 la demandante personalmente y por correo certificado dirigió al demandado Silverio Morales una comunicación haciéndole saber que había comprado la casa cuya segunda planta él ocupaba con el propósito de ocupar la misma para su uso personal. En esa misma comunicación se le hacía saber al demandado que debería desocupar el local para no más tarde del día 10 de febrero de 1948, dejando el apartamiento a la libre disposición de la demandante.

"4. Que con fecha 9 de marzo, 13 de abril y 19 de julio de 1948, la demandante por conducto de su abogado volvió a dirigirse por tres distintas ocasiones al demandado requiriéndole a desocupar el local que ocupaba en su propiedad y dándole términos en armonía con la ley vigente en cada una de las fechas de cada una de las comunicaciones.

"5. Que el demandado satisfizo a la demandante sumas de $30 en cheques correspondientes a los meses de febrero a agosto de 1948.

"El demandado alega que el haber aceptado la demandante el pago de las cantidades de $30 mensuales que es la misma suma del canon de arrendamiento del contrato que tenía éste con el dueño anterior equivale a haber ratificado la demandante ese contrato. También alega que el propio abogado en sus comunicaciones habla de un contrato existente entre la demandante y el demandado.

"Por su parte la demandante insiste en que desde el primer momento hizo constar su propósito de no ratificar el contrato que el demandado tenía con el anterior dueño y que si recibió el dinero del demandado por los meses que se ha dicho lo fué en calidad de pago por el uso que de su propiedad hacía el demandado mientras la demandante se veía obligada, por las disposiciones de la ley, a esperar el transcurso de los distintos términos para radicar su demanda. La prueba testifical de ambas partes tiende a sostener sus respectivos puntos de vista.

"Para la corte resulta claro que la demandante desde el primer día en que adquirió la casa y por carta certificada dirigida al demandado hizo evidente su propósito de que el demandado le desocupara el local donde residía y dejara el mismo a la libre disposición de la demandante para el día 10 de febrero de 1948. También resulta claro que en tres cartas sucesivas de fecha 9 de marzo, 13 de abril y 19 de julio de 1948 la demandante se dirigió al demandado por conducto de su abogado notificándole su propósito de no continuar el contrato y amenazándole con radicar demanda si el demandado no desocupaba el local. En su carta del 19 de julio de 1948 se le hacía saber al demandado que se le estaban dando seis meses para ajustarse a la Ley 201 de fecha 15 de marzo de 1948. Interpretando las tres últimas comunicaciones de la demandante en armonía con su comunicación de 21 de enero de 1948, y no obstante aparecer que el abogado de la demandante habla de un contrato de arrendamiento tenemos que llegar a la conclusión de que la demandante desde el primer momento que adquirió la casa repudió el contrato existente entre el demandado y el anterior dueño de la casa, y que fué siempre su propósito, no renovarlo. Eso surge también claramente de el hecho tercero de la demanda y de la prueba testifical aportada por la demandante y a la cual da entero crédito el Tribunal."

Luego de citar el caso de *Vélez* v. *San Miguel*, 68 D.P.R. 575, dijo:

". . . En este caso es cierto que la demandante recibió pagos de $30 correspondientes a los meses de febrero a enero de 1948, pero no es menos cierto, a juicio de la corte, que desde el primer momento la demandante hizo claro su propósito de que se le desocupara el local de su casa por el demandado porque necesitaba el mismo para vivirlo ella personalmente.

"Dentro de la situación que revelan los hechos y la prueba la corte concluye que no existió contrato alguno de la demandante y el demandado y que éste ocupaba la casa como detentador de la misma.

"Como cuestión de derecho la corte resuelve que la acción fué radicada correctamente ante esta corte y que la misma tiene jurisdicción en el caso. Resuelta así la cuestión de derecho nos resta considerar la prueba para determinar si la demandante se ajustó a las condiciones que requiere la Ley 201, supra."

Procedió entonces el tribunal a declarar probados los siguientes hechos:

"1. Que la demandante compró la casa que describe en su demanda con el fin de residir personalmente en la misma.

"2. Que la demandante no tenía a la fecha de la demanda disponible ninguna otra propiedad adecuada donde fijar su residencia.

"3. Que la demandante estaba residiendo en una casa incómoda en la misma localidad y poco adecuada para el uso de la demandante y de sus familiares.

"4. Que la demandante desea ocupar la planta alta de su casa de buena fe para su uso personal."

En apelación el demandado sostiene que fué error del tribunal inferior (1) resolver que él era un detentador de la planta alta que ocupaba en la propiedad de la demandante y que la corte inferior tenía jurisdicción, y (2) resolver que la demandante actuaba de buena fe y no tenía otra vivienda, desocupada, adecuada para usarla como residencia.

En cuanto al primer error actuó correctamente el tribunal al asumir jurisdicción, ya que, de acuerdo con la prueba a que dió crédito, el demandado era un detentador de la propiedad conforme a la doctrina establecida en *Vélez* v. *San Miguel*, supra, ratificada en *Vidal* v. *Corte*, ante, pág. 582.

En cuanto al segundo error, invoca el apelante el caso de *Viera* v. *Corte*, 64 D.P.R. 544, al efecto de que un demandante en pleito de desahucio que trata de recobrar la posesión de un inmueble para su inmediata y personal ocupación por él o su familia como sitio de residencia, revela su mala fe con relación a la propiedad que trata de adquirir cuando se demuestra que en otro pleito, ha hecho, para la misma época, igual alegación en relación con una propiedad distinta.

Este extremo fué oportunamente sometido a consideración de la corte inferior, en moción de reconsideración, y así se expresó dicho tribunal al resolver la misma:

"En este caso, es cierto, que la demandante estableció demandas simultáneas contra el demandado interesando de éste el desalojo de la planta alta que el mismo ocupa en la casa de su propiedad que describe ampliamente en el apartado segundo de su demanda; demanda bajo el número R 2657 contra Armando Marcial; demanda bajo el número R 2649 contra Conchita y Leopoldo Gutiérrez y demanda bajo el número R 2650 contra Críspulo Díaz, pero todo ello se debió, fundamentalmente, al deseo de la demandante de desalojar la propiedad adquirida de todos sus ocupantes para utilizar la misma como su vivienda particular.

"En el curso de la prueba y al establecerse que se trataba de una propiedad compuesta de dos residencias, una en la planta baja y otra en la planta alta, y en armonía con lo dispuesto por la jurisprudencia sentada en el caso de *Viera* v. *Corte,* supra, llamamos la atención al abogado de la demandante en el sentido de que la demandante no podía tener éxito en las demandas contra el demandado como ocupante de la planta alta y contra Armando Marcial como ocupante de la planta baja de su propiedad, toda vez que la demandante no necesitaba nada más que una residencia o vivienda suficiente para el propósito alegado en su causa de acción. La demandante optó por desistir de su demanda contra Armando Marcial, acupante de la planta baja, continuando su demanda contra el demandado en este caso, ocupante de la planta alta.

"El demandado alega que la dependencia del fondo de la casa de la demandante había sido dedicada a vivienda y que en dicha dependencia habían vivido familias distintas de Caguas. Dice el demandado que el hecho de que la demandante califique esa dependencia como casa de servicios, no es suficiente, ya que la demandante alegó en su demanda contra Conchita y Leopoldo Gutiérrez, que necesitaba la referida dependencia para vivienda de ella y de su familia.

"La demandante calificó adecuadamente esa dependencia al fondo de su casa como habitación dedicada a cuarto de servicio. Así aparece del hecho segundo de su demanda donde se describe el inmueble objeto de este litigio. En lo pertinente a esa situación se dice en la descripción que apuntamos, lo siguiente '. . . hacia el fondo del solar también hay edificada una dependencia, de concreto armado, destinada la alta para habitaciones para el servicio y la baja a garaje, etc. . . .' Pero no es que la demandante hubiese calificado así esa dependencia en su de-

manda, y 'a posteriori' en la prueba del caso, para establecer su causa de acción, sino que ya, desde el momento en que la demandante adquirió la propiedad objeto de este litigio, se conceptuaba esa dependencia como habitaciones para el servicio. Véase la escritura de compraventa de la propiedad. *Exhibit* 1 de la demandante.

"A nuestro juicio, el hecho de que el anterior dueño hubiese dedicado esa dependencia al fondo de la casa propiedad de la demandante, cuando la misma era suya, a vivienda de aquellas personas, que dentro de la situación de emergencia, se acomodaron como pudieron en la misma, no desvirtúa la condición esencial de la misma como cuarto de servicio. La demandante al adquirir la propiedad tenía derecho a solicitar el desalojo de las personas que residían en esa dependencia para utilizar la misma para lo cual, digo, que fué originalmente edificada: cuarto de servicio."

No creemos que la corte inferior cometiera el error señalado. Contrario a lo que ocurrió en el caso de *Viera* v. *Corte*, supra, en éste no solamente no recayó sentencia en contra de alguna de las otras personas que ocupaban la propiedad de la demandante, sí que a tiempo ésta desistió de su demanda contra el ocupante de la planta baja. Siendo así, el presente no se rige por el caso de *Viera*. En éste la corte inferior quedó satisfecha, por los hechos que tuvo ante sí, de que el propósito de la demandante al promover varias acciones de desahucio contra los varios ocupantes de su propiedad, fué desalojar la misma en su totalidad para utilizarla como su vivienda particular. No encontramos base para alterar esta conclusión del tribunal inferior.

*Procede la confirmación de la sentencia.*

El Juez Asociado Sr. Todd, Jr. disintió.