ROSENDO RODRÍGUEZ RODRÍGUEZ, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE MAYAGÜEZ, HON. LUIS R. APELLÁNIZ, JUEZ, demandado; JUANA C. RODRÍGUEZ VDA. DE APONTE, interventora.

*Número:* O-71-105    *Resuelto:* 24 de febrero de 1972

*A. Ramírez Silva,* abogado del peticionario; *Miguel A. Ferrer Rodríguez,* abogado de la interventora.

PER CURIAM: Debemos resolver en el presente recurso si es el Tribunal Superior o el de Distrito el que tiene competencia para entender en la demanda de desahucio instada en este caso.

Juana C. Rodríguez Vda. de Aponte radicó demanda de desahucio en el Tribunal de Distrito, Sala de Cabo Rojo. Alegó sustancialmente que el aquí peticionario Rosendo Rodríguez poseía en arrendamiento la propiedad que se describe en la demanda, en virtud de un contrato celebrado entre éste y el anterior dueño de la propiedad. Que la demandante, luego de adquirir por compraventa la referida propiedad, comunicó al demandado su necesidad de ocupar de buena fe dicha vivienda, dándole el aviso de seis meses que requiere la Ley de Alquileres Razonables para desocupar la propiedad. Alegó por último que había expirado el término de seis meses concedídoles sin que hubieren desalojado la propiedad.

El demandado solicitó y obtuvo el traslado del caso al Tribunal Superior, Sala de Mayagüez, por el fundamento de que era éste el Tribunal competente para entender en dicha demanda por tratarse de una acción de *desahucio por detentación.* Trasladado el caso al Tribunal Superior y luego de contestada la demanda, el juez recurrido, *motu proprio,* ordenó el traslado nuevamente al Tribunal de Distrito de

Cabo Rojo por entender que la acción era de la competencia de este último Tribunal.

Contra dicha resolución se ha instado el presente recurso.

La ley orgánica del poder judicial de Puerto Rico, conocida como Ley de la Judicatura dispone en su Sec. 1 lo siguiente:

"El poder judicial del Estado Libre Asociado de Puerto Rico residirá en un sistema judicial unificado en lo concerniente a jurisdicción, funcionamiento y administración compuesto por el Tribunal Supremo como tribunal de última instancia, y por el Tribunal de Primera Instancia, los que conjuntamente constituirán el Tribunal General de Justicia.

El Estado Libre Asociado de Puerto Rico queda por la presente constituido en un sólo distrito judicial sobre todo el cual el Tribunal General de Justicia ejercerá su poder y autoridad." Ley número 11 de 24 de julio de 1952, 4 L.P.R.A. sec. 1; véase, *Colón* v. *Tribunal Superior*, 97 D.P.R. 106 (1969).

El Tribunal de Primera Instancia, que comprende dos secciones, a saber: Tribunal Superior y Tribunal de Distrito, es un tribunal de jurisdicción original general con autoridad para actuar a nombre y por la autoridad del Estado Libre Asociado en todo procedimiento civil o criminal. Ley de la Judicatura, Secs. 9–10 (4 L.P.R.A. secs. 61–62). De esta manera la reforma judicial eliminó las diferencias jurisdiccionales entre los tribunales o salas o secciones de tribunales. Sin embargo, para la ordenada distribución de los asuntos judiciales se mantuvieron las categorías que existían en cuanto al lugar del juicio. Así dispuso el legislador en la Sec. 10 de la Ley de la Judicatura que toda acción civil o criminal se presentaría en aquella sala del tribunal situada en el territorio en que la misma hubiese sido radicada bajo la legislación anterior vigente, al aprobarse dicha Ley de la Judicatura. *Rodríguez* v. *Registrador*, 75 D.P.R. 712 (1953); *Colón* v. *Tribunal Superior*, supra.

En ánimo de enfatizar el espíritu de unificación se dispuso, además, que no procedía la desestimación de ningún caso

por razón de haberse sometido a una sección sin jurisdicción o autoridad o a una sala de un tribunal sin competencia para ello. Por tanto, todo caso podrá ventilarse en la sección o sala en que se radique, por convenio de las partes y la anuencia del juez que preside dicha sala en ese momento o, de no ser así oído, será transferido por orden del juez a la sección o sala correspondiente. Ley de la Judicatura, Sec. 10 (4 L.P.R.A. sec. 62); véase además la Regla 3 de Procedimiento Civil de Puerto Rico.

■ No existiendo en el presente caso convenio entre las partes ni la anuencia del juez para la celebración de la vista del caso en el Tribunal de Distrito de Cabo Rojo ni en el Tribunal Superior, Sala de Mayagüez, debemos recurrir a la legislación anterior a la Ley de la Judicatura para determinar cuál tribunal tenía entonces jurisdicción para entender en un caso como el de autos.

El Art. 622 del Código de Enjuiciamiento Civil de Puerto Rico, aún en vigor, dispone:

"Tendrán jurisdicción para conocer de las demandas sobre desahucio, los jueces municipales del distrito en que radique la finca cuando el canon de los arrendamientos o el precio o cantidad que por virtud de cualquier contrato, deba pagarse, computado por una anualidad, no exceda de mil dólares.

"En todos los demás casos conocerán de dichas demandas las cortes del distrito(1) en que la finca radique; y en uno u otro caso se seguirá el mismo procedimiento." 32 L.P.R.A. sec. 2823.

■ Este Tribunal ha interpretado el artículo precedentemente transcrito en el sentido de que cuando, como en el caso de autos, el adquirente de una propiedad entabla una

---

(1) La Sec. 13 de la Ley de la Judicatura (4 L.P.R.A. sec. 121) dispone que el Tribunal Superior conocerá de todo recurso, acción y procedimiento civil con los cuales el Tribunal de Distrito de Puerto Rico tenía jurisdicción para la fecha en que dicha ley entró en vigor.

La Sec. 18 de la misma ley (4 L.P.R.A. sec. 181) dispone que el Tribunal de Distrito conocerá en todo asunto civil de que la Corte Municipal existente al tiempo de la vigencia de dicha ley podía conocer exclusiva o concurrentemente.

acción para desahuciar al inquilino que tenía un contrato de arrendamiento con el dueño anterior, sin existir un contrato con el nuevo dueño, la jurisdicción corresponde a la entonces Corte de Distrito, hoy Tribunal Superior. *Sosa* v. *Río Grande Agrícola Co., Ltd.*, 17 D.P.R. 1149 (1911); *Rourke* v. *Pacheco*, 18 D.P.R. 981 (1912); *Cuesta* v. *Ortiz*, 29 D.P.R. 494 (1921); *Rivera et al.* v. *The Juncos Central Co.*, 31 D.P.R. 264 (1922); *Miranda* v. *Jarabo*, 64 D.P.R. 898 (1945); *Vélez* v. *San Miguel*, 68 D.P.R. 575 (1948); *Vidal* v. *Corte*, 71 D.P.R. 582 (1950); *Díaz* v. *Morales*, 71 D.P.R. 692 (1950); *Torres* v. *Biaggi*, 72 D.P.R. 869 (1951); *Valentín* v. *Figueroa*, 79 D.P.R. 444 (1956).

Esta interpretación ha estado basada en que la frase "cualquier contrato" del primer párrafo del Art. 622 debe limitarse a un contrato celebrado con el nuevo dueño. O sea, que cuando el adquirente de la propiedad arrendada no celebra un nuevo contrato con el arrendatario o no prorroga el anterior, y por el contrario intenta desalojar a éste, hemos sostenido que el arrendatario se encuentra poseyendo sin contrato, como detentador, y por lo tanto la situación es la que se encuentra comprendida en lo dispuesto por el segundo párrafo del Art. 622 al expresar que en todos los demás casos conocerán de dichas demandas de desahucio los hoy tribunales superiores (antes de distrito). *Sosa* v. *Río Grande Agrícola Co., Ltd.*, supra; *Díaz* v. *Morales*, supra; *Vélez* v. *San Miguel*, supra; *Vidal* v. *Corte*, supra; *Valentín* v. *Figueroa*, supra y casos allí citados.

Podría argüirse, sin embargo, y en efecto así lo intentó el arrendador en sus alegaciones ante el tribunal inferior, que las decisiones anteriormente citadas no tienen aplicación a las situaciones surgidas después de la vigencia de la Ley de Alquileres Razonables (17 L.P.R.A. sec. 181 *et seq.*), ya que dicha ley, en su Art. 12, prorroga obligatoriamente para el propietario y potestativamente para el inquilino el contrato de

arrendamiento, una vez terminado el mismo, aunque cambie de dueño la propiedad arrendada. 17 L.P.R.A. sec. 192.

■ Ese argumento fue levantado sin éxito en el caso de *Vidal* v. *Corte,* supra. Dijimos allí que si bien es cierto que llegado el día del vencimiento pactado en el contrato de arrendamiento éste se prorroga obligatoriamente para el arrendador, el mismo Art. 12-A dispone como excepción a lo antes dispuesto que el arrendador podrá negar la prórroga del contrato entre otros motivos por necesitar de buena fe la vivienda para uso personal y ocupación inmediata como sitio de residencia.([2]) 17 L.P.R.A. sec. 193(5).

De la faz de las alegaciones de la demanda surge que el nuevo propietario hizo uso de la prerrogativa que la ley le concede, negando la prórroga del contrato de arrendamiento, por necesitarlo de buena fe para su uso personal. Siendo ello así, nuestras decisiones antes citadas son de aplicación a la situación presente en este caso. *Concluimos pues que el Tribunal competente para entender en la presente demanda de desahucio lo es el Tribunal Superior, Sala de Mayagüez.*

*Se devolverán los autos al Tribunal Superior, Sala de Mayagüez, para que allí se continúen los procedimientos.*

El Juez Presidente, Señor Negrón Fernández, no intervino.

---

[2] El Art. 12-A fue enmendado por la Ley Núm. 67 de 19 de junio de 1964 pero en lo referente al punto aludido no fue objeto de enmienda. Véase 17 L.P.R.A. sec. 193.